## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| **LOIS YATES,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** |
| ) | 1:19-cv-645-HSO-JCG |
| **GULF COAST PHYSICIAN** ) | |
| **REALTY GROUP, LLC and** ) | |
| **GULF COAST OUTPATIENT** ) | |
| **SURGERY CENTER, LLC,** ) | |
| **Defendants.** ) | |

## COMPLAINT

### I.  INTRODUCTION

Plaintiff, Lois Yates, files this Title III, ADA action, pursuant to 42 U.S.C. §12181, *et. seq*. In Count One of the Complaint, Plaintiff seeks to enjoin the Defendants to remove architectural barriers. In Count Two, Plaintiff seeks to enjoin Defendants to maintain practices, policies, and procedures necessary to maintain the premises free of architectural barriers both now and once the barriers are removed. In Count Three, Plaintiff seeks to enjoin the Defendants' use of the premises to provide full and equal enjoyment of the premises to individuals with disabilities. Counts Two and Three seek independent relief in addition to the removal of architectural barriers. Count Four seeks to enjoin the Defendant's' failure to design and construct the facility to be readily accessible to and usable by individuals with disabilities and failure to remove architectural barriers when readily achievable to do so.

### II.  JURISDICTION, PARTIES, AND ARTICLE III STANDING

**1.** This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter the "ADA"), and its

implementing regulations. Therefore, this Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2.       Venue is proper in this Court pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Southern District of Mississippi.

3.       Plaintiff, Lois Yates, has malignancy (more commonly known as "cancer") as well as severe lung damage and chronic obstructive pulmonary disease. As a result, Ms. Yates uses mobility devices such as a walker and a wheelchair for mobility. The extent of Ms. Yates' physical disabilities limits her ability to care for herself, perform manual tasks, walk, stand, lift, bend, and work; all of which are major life activities pursuant to 42 U.S.C. § 12102 (2) (A). Ms. Yates is, accordingly, a person with a disability pursuant to the ADA, in that she has a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12102; See also 28 C.F.R. § 36.104.

4.       Plaintiff Lois Yates resides in Biloxi, MS and lives about 5 miles from the Gulf Coast Professional Tower. In the Spring of 2018, she attended at least five medical appointments at Defendants' facility. She will return to the facility if it becomes necessary for her to receive medical treatment there and to verify compliance with the ADA. However, her desire to return is adversely affected by the inaccessible conditions at the facility, including but not limited to the difficulty she experienced when attempting to use the parking lot, the entrance doors, and the women's restroom.[1]

5.       Defendant, Gulf Coast Physician Realty, LLC. ("hereinafter, Gulf Coast") is a limited liability company that is registered to conduct business and is conducting business within

---

[1] The Eleventh Circuit, held in *Houston v. Marod Supermarkets*, 733 F.3d 1323 (11th Cir. 2013), that when architectural barriers have not been remedied "*there is a 100% likelihood that plaintiff… will suffer the alleged injury again when he returns to the store.*"

the State of Mississippi sufficient to create both general and specific in personam jurisdiction. Upon information and belief, Gulf Coast Physician Realty, LLC. "owns" "leases to" "leases" and/or "operates" the business and real property and improvements known as Gulf Coast Professional Tower and located at 2781 Switzer Dr, Biloxi, MS 39531, (hereinafter Gulf Coast Tower"). As a medical facility, the establishment qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.

6. Defendant, Gulf Coast Outpatient Surgery Center, LLC. ("hereinafter Surgery Center"), is a limited liability company that is registered to conduct business and is conducting business within the State of Mississippi sufficient to create both general and specific in personam jurisdiction. Upon information and belief, Gulf Coast Outpatient Surgery Center, LLC "owns" "leases" "leases to" and/or "operates" the business and/or real property and improvements known as Gulf coast Professional Tower and located at 2781 Switzer Dr, Biloxi, MS 39531, (hereinafter "Gulf Coast Tower"). As a medical facility, the establishment qualifies as a place of public accommodation, pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104.

7. Because of the various types of barriers described below, Plaintiff has been denied full and equal enjoyment of the Defendants' premises on the basis of her disabilities.

8. Plaintiff, accordingly, has Article III standing to pursue this case because: (1) she is a person with disabilities, pursuant to the statutory and regulatory definition; (2) the Defendants' establishment is a place of public accommodation, pursuant to the statutory definition; (3) She has suffered a concrete and particularized injury by being denied access to the facility by architectural barriers, by policies and practices, and by denial of the use of the facility for her full and equal enjoyment as compared to non-disabled individuals; and (4) because these architectural barriers and policies continue to exist, there is a genuine threat of imminent future injury, as described

herein. (See Footnote 1). Furthermore, she will return to the facility if it becomes necessary for her to receive medical treatment there.

**III.     COUNT ONE – Failure to Remove Architectural Barriers When Readily Achievable [42 U.S.C. § 12182(b)(2)(A)(iv)]**

9. Plaintiff is informed and believes based on publicly available information that the facility was constructed for first occupancy in 2008, and, therefore, should have been constructed in compliance with the ADA Accessibility Guidelines. (42 U.S.C. §12181; 28 C.F.R. §36.508 (A); *See also*, § 36.304). However, upon information and belief, the Defendants have not fulfilled their obligation under the ADA Accessibility Guidelines to remove architectural barriers when readily achievable to do so or when conducting alterations. [42 U.S.C. § 12182(b)(2)(A)(iv)] 28 CFR § 36.304.

**Architectural Barriers**

10. When the Plaintiff visited the facility during the Spring of 2018, she experienced the following barriers to access for individuals with disabilities:

Parking Area and Path of Travel to Surgical Center Entrance

    10.1. The parking lot does not contain the required number of accessible parking spaces based on the total number of parking spaces in the lot;

    10.2. The ramp protrudes into the access aisle causing the access aisle to not meet the maximum level requirements for an access aisle;

    10.3. The cross slope and running slope of the ramp leading from the access aisle exceed the maximum slope requirements;

    10.4. At least Two of the designated accessible parking spaces do not have required access aisles or proper signage;

Parking Area and Path of Travel to Professional Tower Entrance

 **10.5.** The curb cut protrudes into the access aisle causing the access aisle to not meet the maximum level requirements for an access aisle;

 **10.6.** The slope of the curb ramp exceeds the maximum requirements;

 **10.7.** There is no level landing at the top of the curb cut;

Floor Mats

 **10.8.** The floor mats throughout the facility are not stable, firm, or otherwise secured to the floor in compliance with the Standards;

Women's Restroom Near Vending Machines

 **10.9.** The hardware on the entrance door and the latch on the toilet compartment door require tight grasping or pinching of the wrist to operate;

 **10.10.** A trash can encroaches into the pull-side maneuvering clearance at the entrance door;

 **10.11.** The entrance door to the accessible toilet compartment swings into the clear floor space required to approach the lavatory;

 **10.12.** The height of the coat hook on the accessible toilet compartment door exceeds the required height for an obstructed or unobstructed reach range;

 **10.13.** The bottom of the reflecting surface of the mirror exceeds the maximum height requirement;

 **10.14.** The pipes underneath the lavatory sinks are not insulated as required;

Women's Single-User Restroom Near Surgery Center

 **10.15.** There is insufficient clear floor space or maneuvering clearance around the water closet;

**10.16.** The side grab bar is not located the required distance from the rear wall;

**10.17.** The height of the paper towel dispenser is located above the required reach ranges;

**10.18.** When folded down, the baby changing table encroaches into the required maneuvering clearance on the latch side of the entrance door;

**10.19.** The height of the light switch exceeds the required reach ranges;

**10.20.** The slope and location of the floor drain causes a level change which encroaches into the surface level required for an accessible path of travel.

11. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the Standards.

12. Unless Defendants take remedial action, Plaintiff will continue to encounter the architectural barriers described herein, and, as a result, be discriminated against by Defendants on the basis of her disabilities.

13. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

14. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to remove the architectural barriers and bring the facility into compliance with the ADA Standards.

**IV.   COUNT TWO – FAILURE TO MODIFY POLICIES, PRACTICES AND PROCEDURES WHICH DENY EQUAL BENEFITS [42 U.S.C. § 12182(b)(2)(A)(ii)]**

15. Plaintiff incorporates by reference and realleges all the paragraphs above as if fully set forth herein.

16. By its clear text, Title III requires a public accommodation to provide individuals with disabilities more than simple physical access. Removal of architectural barriers as described in Count One is only one component of compliance with the Statute. Thus, a place of public accommodation must not have and must modify any policy or practice which effectively, or directly denies access to goods or services to individuals with disabilities and prevents them from realizing the full and equal enjoyment of goods and services offered. 42 U.S.C. § 12182(b)(2)(A)(ii).

17. Defendants have failed to make modifications in policies, practices, and procedures as follows:

17.1. The presence of architectural barriers identified in Count One demonstrates that the Defendants either have no policies or have failed to create, adopt, and/or implement policies and procedures for the removal of architectural barriers when readily achievable to do so or when altering the facility;

17.2. Defendants' failure to provide accessible parking and signage denies individuals with disabilities the full use of and access to these areas;

17.3. The lack of accessible paths of travel to entrances demonstrates a policy of excluding customers with disabilities from equal access to all areas of the facility;

17.4. Defendants' failure to provide accessible restrooms is further evidence of Defendants' exclusionary policies and practices;

17.5. As the continuing architectural barriers and the failure to provide full and equal use of the facility establishes, Defendants' existing practices and procedures, either explicitly or implicitly, are to remediate ADA Title III architectural barriers only upon demand by individuals with disabilities.

18. To date, the Defendants' discriminating policies, practices, and/or procedures have not been modified to afford goods, services, facilities, privileges, advantages, or other accommodations to individuals with disabilities.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

20. Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin the Defendants from engaging in these discriminatory policies, practices, and procedures.

21. Therefore, the Plaintiff hereby demands that Defendants both create and adopt a corporate practice and policy that Defendants (a) will fully comply with the ADA design and alteration Standards so that architectural barriers identified in Count One are permanently removed from Defendants' establishment; and (b) Defendants will implement policies and procedures which provide individuals with disabilities, including those with mobility impairments, full and equal enjoyment and use of all goods and services.

V.   COUNT THREE – DENIAL OF FULL AND EQUAL ENJOYMENT

22. Plaintiff incorporates by reference and realleges all the paragraphs above as if fully set forth herein.

23. Discrimination on the basis of disability is a denial of the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" and is prohibited. 42 U.S.C. 12182(a).  Further, the ADA specifically makes it unlawful to provide individuals with disabilities with an "unequal benefit," and to relegate individuals with disabilities to a "different or separate" benefit. 42 U.S.C. §§ 12182(b)(1)(A))(ii)-(iii); 28 C.F.R. § 36.202(b)-(c).

24. For that reason, the Act applies not only to barriers to physical access to places of public accommodation, but also to any policy, practice, or procedure which operates to deprive or diminish individuals with disabilities from full and equal enjoyment of the privileges and services offered by the public accommodation. 42 U.S.C. 12182.

25. Plaintiff was denied full and equal access to Gulf Coast Tower due to Defendants' denial of equal services and benefits. As compared to individuals without disabilities, Plaintiff experienced unequal treatment and inferior accommodations at Defendants' facility as follows:

    25.1. The lack of accessible parking and signage caused Plaintiff and others similarly situated to be unable to fully use the parking lot to park and exit a vehicle using a mobility device;

    25.2. The inaccessible features of the curb ramp and curb cut and landing at the entrances create unequal travel conditions for Plaintiff and others similarly situated;

    25.3. The lack of accessible door hardware prohibited Plaintiff from equally operating the restroom entrance doors without assistance;

    25.4. The inaccessible features of the Women's Restrooms and the lack of maneuvering clearance at the door fails to provide plaintiff equal access to restroom areas.

26. Defendant's continued failure to maintain ADA accessibility as an integral part of the facility and its use has segregated or otherwise treated Plaintiff and others similarly situated differently, in that, the lack of accessible features and policies caused Plaintiff to be dependent on others to attempt access and caused her to be deterred from returning to this facility for fear of experiencing the same kind of discriminatory treatment.

27. Defendant's conduct and unequal treatment of Plaintiff constitute continuous discrimination in violation of the ADA. 28 C.F.R. § 36.211(a).

28. Absent a Court ordered injunction, Defendants will continue to deny Plaintiff equal access to the goods and services offered at the Facility.

29. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

30. Pursuant to 42 U.S.C. § 12188, this Court is authorized to enjoin the Defendants from engaging in these continuous discriminatory practices which have resulted in denial of equal access by the Plaintiff.

VI.   **COUNT FOUR – FAILURE TO Remove Architectural Barriers when readily achievable [42 U.S.C. § 12183(a)(1)]**

31. Plaintiff incorporates by reference and realleges all the paragraphs above as if fully set forth herein.

32. Title III specifically states that for public accommodations discrimination includes "failure to remove architectural barriers . . . in existing facilities" unless it can be shown that removing a barrier is "not readily achievable" or accommodations cannot be provided through other means. (See 42 U.S.C. Section 12182(b)(2)(iv) & (v).

33. The Department of Justice Regulations also provide accessibility Standards for conducting readily achievable barrier removal in existing facilities. (28 C.F.R. §36.304(a) et seq.).

34. To date, architectural barriers remain at the facility due to Defendants' failure to remove readily achievable barriers and/or comply with the ADA alteration Standards.

35. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. She is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

36. Pursuant to 42 U.S.C. § 12188 this Court is authorized to issue an injunction against the Defendants by ordering the facility brought into compliance with the Standards.

**WHEREFORE,** premises considered, Plaintiff Lois Yates demands judgment against the Defendants on Counts One through Four and request the following injunctive and declaratory relief:

1) That the Court declare that the Defendants as well as all Defendants' illegal actions described herein violate the ADA, as more particularly described above;

2) That the Court enter an order requiring the Defendants to alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by the ADA as stated in Count One;

3) That the Court enter an order directing the Defendants to modify their policies, practices, and procedures in order to provide equal access to individuals with disabilities consistent with the ADA as stated in Count Two;

4) That the Court enter an order directing the Defendants to provide full and equal access to every aspect and service offered at the facility, and maintain the required accessible features at the establishment so that Plaintiff, and other individuals with disabilities, enjoy the same experience offered to individuals without disabilities, as stated in Count Three;

5) That the Court enter an order directing the Defendants to immediately remediate the architectural barriers at Gulf Coast Tower by conducting readily achievable barrier removal as required. (See Count Four);

6) That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to Plaintiff; and

7) That the Court award such other, further, and different relief as it deems necessary, just, and proper.

Date: September 24, 2019

Respectfully submitted,

*Pshon Barrett*
PSHON BARRETT, ESQ.
MS Bar No. 2071
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
Pshon.Barrett@ADA-Firm.com
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the Clerk of Court the aforementioned Complaint for service of process by USPS mail or electronic mail, postage prepaid and properly addressed this 24th day of September 2019 to the following:

**GULF COAST PHYSICIAN REALTY GROUP, LLC**
c/o Dudley Burwell, Registered Agent
180 B Debuys Rd, Suite 101
Gulfport, MS 39531

**GULF COAST OUTPATIENT SURGERY CENTER, LLC**
c/o C T Corporation System
Attn.: Registered Agent
645 Lakeland East Drive, Suite 101
Flowood, MS 39232

*Pshon Barrett*
PSHON BARRETT, ESQ.
*Attorney for the Plaintiff*